United States District Court
Southern District of Texas
**ENTERED**
August 24, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT      SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Kelvin Bernard Alexander, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action H-20-825 |
| | § | |
| Bobby Lumpkin,[1] | § | |
| Director, Texas Department | § | |
| of Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
|     Respondent. | § | |

## Report and Recommendation

Kelvin Bernard Alexander filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his Texas state-court conviction for aggravated assault of a family member. ECF No. 1. The respondent, Bobby Lumpkin, has moved for summary judgment. ECF No. 23. Alexander has filed a response. ECF No. 31. Also pending before the court is Alexander's motion for default judgment. ECF No. 24. The court recommends that the respondent's amended motion for summary judgment be granted and Alexander's petition be dismissed. The court further recommends that Alexander's motion for default judgment be denied.

### 1. Procedural Background

Alexander is in custody of the Texas Department of Criminal Justice—Correctional Institutions Division (TDCJ) as the result of a state-court conviction in the 351st District Court of Harris County, Texas (Cause No. 1536145). ECF No. 13-1 at 96-97. Alexander was charged with aggravated assault of a family member, enhanced by two

---

[1] The previously named respondent in this action was Lorie Davis. In August 2020, Bobby Lumpkin succeeded Davis as Director of the Texas Department of Criminal Justice – Correctional Institutions Division. Under Rule 25(d) of the Federal Rules of Civil Procedure, Lumpkin is automatically substituted as a party.

prior consecutive felony convictions. *Id.* at 16. Following a trial, a jury found Alexander guilty as charged. *Id.* at 95. On November 15, 2018, the trial court sentenced him to a 25-year prison term. *Id.* at 96-97.

The First Court of Appeals of Texas affirmed Alexander's conviction. *Alexander v. State*, No. 01-18-01041-CR, 2019 WL 5432054 (Tex. App.—Houston [1st Dist.] Oct. 24, 2019, no pet.). Alexander did not file a timely petition for discretionary review in the Texas Court of Criminal Appeals. *See Alexander v. State*, PD-0143-20 (Tex. Crim. App. Feb. 14, 2020) (letter stating that no action will be taken on Alexander's pro se petition for discretionary review because it was filed too late).

Alexander filed his original federal petition for a writ of habeas corpus on February 27, 2020. ECF No. 1 at 10. The respondent moved for summary judgment, arguing that Alexander's sole ground for relief, challenging the sufficiency of the evidence, was unexhausted and procedurally defaulted. ECF No. 14. In response, Alexander filed a motion to stay proceedings so that he could return to state court and exhaust his claims. ECF No. 15.

On October 1, 2020, Alexander filed a state application for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure, collaterally challenging his conviction. *Ex parte Alexander*, Application No. WR-92,256-01. On March 17, 2021, the Court of Criminal Appeals denied the application, without a written order or hearing, on the findings of the trial court and the court's independent review of the record. *Id.*

Subsequently, Alexander filed a motion to lift the stay and a motion to supplement his petition with newly raised claims. ECF Nos. 16, 18. In a single order, this court granted Alexander's motion to stay, motion to lift stay, and motion to supplement and denied the respondent's motion for summary judgment, without prejudice to reconsideration. ECF No. 19. In response to a separate court order, the respondent filed an amended motion for summary judgment. ECF Nos. 20, 23.

Alexander raises the following grounds for federal habeas relief:

- the evidence is legally insufficient to prove his guilt beyond a reasonable doubt;
- he received ineffective assistance of trial counsel because counsel failed to suppress statements made by Alexander after his arrest and during custodial interrogation;
- he received ineffective assistance of trial counsel because counsel failed to investigate whether Alexander was insane at the time he allegedly committed the offense;
- he received ineffective assistance of trial counsel because counsel failed to investigate and call a potential witness whose testimony could have exonerated Alexander; and
- he was denied counsel during a critical stage of the criminal proceedings.

ECF No. 1 at 6; ECF No. 18.

The respondent argues that Alexander's petition should be dismissed with prejudice because his claims are either procedurally barred or untimely and without merit. ECF No. 23.

## 2. *Factual Background*

The statement of facts is taken from the Texas Court of Appeals opinion affirming Alexander's conviction.

In 2017, [Alexander] was living with the complainant, Alice Foster. On the night of January 3, 2017, the complainant went out with friends to celebrate her birthday. When she returned home, she and [Alexander] got into an argument. Afterwards, [Alexander] told the complainant to come to bed. The complainant testified that, when she refused, [Alexander] "launch[ed]" at her, "pushed [her] down on the bed," and "started choking [her]." When the complainant tried to get up, [Alexander] "reached back behind him and grabbed a kitchen knife off the dresser" and "came at [her]." [Alexander] got on top of the complainant and put the knife to her throat, piercing her skin and drawing blood. She described the knife as a kitchen knife with an eight-inch blade. The complainant testified that the knife hurt, that she remembered hearing [Alexander] say the words "kill you," and that she felt threatened and scared. As soon as she freed herself, she grabbed her purse and ran to her

car without her shoes or her cellular telephone. She drove to a nearby motel, Classic Inn, where she rented a room and called 911.

Houston Police Department ("HPD") Officers L. Rogers and A. Lockett were dispatched to the Classic Inn to investigate the assault. There, they met with the complainant. Rogers testified that he noted a blood stain on a pillow in the room. The complainant showed Rogers and Lockett a cut and blood on her neck. Lockett testified that the complainant had a cut parallel to her jawline. The trial court admitted into evidence photographs of the wound on the complainant's throat. Rogers testified that, based on his training and experience, the wound was consistent with having been caused by a blade or a knife and that, when a person holds a knife to another's throat, the knife is being used as a deadly weapon. Lockett testified that the complainant identified [Alexander] as the person who assaulted her. He noted that she seemed very scared, that she did not have any shoes with her, and that she had driven to the motel to get away from [Alexander]. Rogers and Lockett followed the complainant back to her house to talk with [Alexander].

At the house, Rogers and Lockett detained [Alexander] in the back seat of their patrol car. Rogers noted that [Alexander] was not under arrest at the time. The trial court admitted into evidence at trial an excerpt of a videotape from Rogers's body camera. In the video, [Alexander] described his argument with the complainant and admitted:

> I just lost my cool.... She said something and I grabbed her ... right across the throat.... I grabbed and pulled her to the bed ... and was laying across the top of her.... I had a knife. I pulled the knife out and said: You know what? Right about now, I should kill you and me.

*Alexander*, 2019 WL 5432054, at *1-2.

### 3. The Summary-Judgment Standard

Summary judgment is proper when the record shows no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. Civ. P. 56(a). In

ordinary civil cases, a district court considering a motion for summary judgment must construe disputed facts in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."). "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000); *Anderson*, 477 U.S. at 254. The court applies general summary judgment standards to the extent they do not conflict with the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) ("[Rule 56] applies only to the extent that it does not conflict with the habeas rules."), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

Alexander is representing himself. Self-represented habeas petitions are construed liberally and are not held to the same stringent and rigorous standards as pleadings lawyers file. *See Martin v. Maxey*, 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988). The court broadly interprets Alexander's state and federal habeas petitions. *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).

### 4. *The Procedurally Barred Claim*

In his first ground for relief, Alexander argues that the evidence was legally insufficient to prove his guilt beyond a reasonable doubt. The record shows that although Alexander raised a challenge to the sufficiency of the evidence on direct appeal, he did not raise the claim before the Texas Court of Criminal Appeals in a timely petition for discretionary review. Instead, he presented this claim to the Court of Criminal Appeals for the first time in his state habeas application.

In Texas, a challenge to the sufficiency of the evidence is not cognizable on collateral review. *See, e.g., Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004). The Fifth Circuit has recognized that a petitioner's claim of insufficiency of the evidence is

barred by the doctrine of procedural default as the result of his failure to raise such a claim properly on direct appeal. *See West v. Johnson*, 92 F.3d 1385, 1398, n.18 (5th Cir. 1996) (recognizing the Texas Court of Criminal Appeals "has long held that the sufficiency of the evidence may only be raised on direct appeal, and may not be raised in state habeas") (citations omitted). The procedural default is adequately established even where the Texas Court of Criminal Appeals denies relief without stating a reason. *See id.*; *see also Grigsby*, 137 S.W.3d at 674. Because Alexander failed to present his insufficient-evidence claim to the Court of Criminal Appeals on direct appeal, his claim is procedurally barred.

Where a petitioner has procedurally defaulted a claim in state court, habeas corpus review is available only if he can demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) that "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Alexander does not demonstrate that the fundamental-miscarriage-of-justice exception applies in this case. *See Dretke v. Haley*, 541 U.S. 386, 393 (2004). The record does not otherwise disclose cause for the default or actual prejudice. Absent a showing of cause and actual prejudice, Alexander's challenge to the sufficiency of the evidence is barred by the doctrine of procedural default.

*5. Statute of Limitations under 28 U.S.C. § 2244*

AEDPA sets a one-year limitations period for federal habeas petitions. *See* 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation

> of the Constitution or laws of the United States
> is removed, if the applicant was prevented from
> filing by such State action;
>
> (C) the date on which the constitutional right
> asserted was initially recognized by the Supreme
> Court, if the right has been newly recognized by
> the Supreme Court and made retroactively
> applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the
> claim or claims presented could have been
> discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for
> State post-conviction or other collateral review with
> respect to the pertinent judgment or claim is pending
> shall not be counted toward any period of limitation
> under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

In his four supplemental grounds for relief, Alexander alleges that he received ineffective assistance of counsel at trial and that he was denied counsel at a critical stage of the criminal proceedings. Because Alexander challenges his state-court conviction, the limitations period for these claims began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Alexander's conviction became final on November 25, 2019, when his time to file a petition for discretionary review expired. *See* Tex. R. App. P. 68.2(a) (petition must be filed within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing was overruled by the court of appeals). That date triggered the federal limitations period, which expired one year later on November 25, 2020.

Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending does not count toward the one-year limitations period. Alexander's state habeas application, filed on October 1, 2020, and denied on March 17, 2021, tolled the limitations period for an

additional 168 days. Accordingly, Alexander's federal petition was due no later than May 12, 2021.

Although Alexander filed his original federal petition on February 27, 2020, he did not file his supplemental or amended claims until June 7, 2021. ECF No. 18 at 8 (identifying the date that the motion to supplement the petition was placed in the prison mailbox). In *Mayle v. Felix*, the Supreme Court recognized that AEDPA's statute of limitations bars any new claims interjected into an amended habeas petition unless they "relate back to the date of the original pleading" as understood by the Rule 15(c)(2) of the Federal Rules of Civil Procedure. *Mayle v. Felix*, 545 U.S. 644, 653-65 (2000). Under *Mayle*, claims in an amended petition will relate back to the original petition filed "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." *Id.* at 657. "If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance." *Id.* at 662.

In his original petition, Alexander raised a single ground for relief, challenging the sufficiency of the evidence. Because Alexander's new claims, which challenge the effectiveness of trial counsel and the alleged denial of counsel, involve an event separate in both time and type from his original sufficiency claim, they do not "relate back" to the original filing date. *See Mayle*, 545 U.S. at 645; *see also United States v. Gonzalez*, 592 F.3d 675, 680 (5th Cir. 2009) (declining to find that claims automatically relate back even when they raise a violation of the same constitutional provision such as ineffective assistance of counsel). Therefore, review of Alexander's newly raised claims is barred by the statute of limitations unless a statutory or equitable exception applies.

No other AEDPA provision applies to extend the limitations period. Alexander does not allege facts showing that he was precluded from filing a timely federal habeas petition as the result of state action,

and none of his claims rely upon a constitutional right that has been newly recognized by the Supreme Court and made retroactive to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(B)–(C). Likewise, none of Alexander's proposed claims implicate a factual predicate that could not have been discovered previously through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D).

Finally, equitable tolling does not extend the limitations period in this case. The court may allow an untimely case to proceed if the facts present "sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). Exceptional circumstances may include a situation where the petitioner was "actively misled" by the respondent "about the cause of action or [was] prevented in some extraordinary way from asserting his rights." *Larry v. Dretke*, 361 F.3d 890, 897 (5th Cir. 2004) (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *abrogation on other grounds recognized by Richards v. Thaler*, 710 F.3d 573, 578–79 (5th Cir. 2013)). To warrant tolling, a petitioner must also demonstrate that he diligently pursued his rights despite the extraordinary circumstances that stood in his way. *Id.* "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999), *cert. denied*, 528 U.S. 1007 (1999). A petitioner bears the burden to show that equitable tolling should apply. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (*modified on partial rehearing by* 223 F.3d 797 (5th Cir. 2000)).

Nothing in the record suggests that the State misled Alexander or prevented him from raising his amended claims within the deadline. Nor does the record support a conclusion that Alexander was diligent in pursuing relief. Waiting to pursue one's claims is not sufficient to excuse a petitioner from the requirement to assert his claims in a timely manner. *Fisher*, 174 F.3d at 715 (citing *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989), for the

proposition that "equity is not intended for those who sleep on their rights"). Moreover, ignorance of the law and lack of legal assistance, even for an incarcerated individual, generally do not excuse prompt filing. *See Felder v. Johnson*, 204 F.3d 168, 171–72 (5th Cir. 2000) (ignorance of law, temporary denial of access to legal materials, lack of knowledge of filing deadlines, and inadequacies of a prison law library are insufficient to warrant equitable tolling). Alexander fails to demonstrate that he is entitled to equitable tolling. The record discloses no other basis to extend the limitations period.

### 6. *Standard of Review under 28 U.S.C. § 2254(d)*

Alternatively, Alexander's newly raised claims are without merit. Under AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this court considers whether the application was objectively unreasonable. *Id.* "It bears repeating that even a strong case for relief does not mean the state court's contrary

conclusion was unreasonable." *Richter*, 562 U.S. at 102. As stated by the Supreme Court in *Richter*,

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.

*Id*. at 102–03 (emphasis added; internal citations omitted).

AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330–31. This presumption extends not only to express findings of fact, but to the implicit findings of the state court as well. *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citations omitted).

### a.  *Ineffective Assistance of Counsel*

In three grounds for relief, Alexander alleges that trial counsel rendered ineffective assistance when he failed to: (1) suppress statements made by Alexander after his arrest and during his custodial interrogation; (2) investigate whether Alexander was insane at the time of the offense; and (3) investigate and call a potential witness whose testimony could have exonerated Alexander. ECF No. 18 at 5. The state habeas court rejected each of these claims and

concluded that Alexander failed to demonstrate that trial counsel rendered constitutionally ineffective assistance.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. Const. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id.* at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result

if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id.* A petitioner must "affirmatively prove prejudice." *Strickland*, 466 U.S. at 693.

Alexander's ineffective-assistance claims were rejected by the state habeas court. As a result, the issue is not whether this court "'believes the state court's determination' under the *Strickland* standard 'was incorrect but whether the determination was unreasonable—a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 478 (2007)). In addition, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles*, 556 U.S. at 123 (citation omitted). Thus, this standard is "doubly deferential" on habeas corpus review. *Id.*; *see also Richter*, 562 U.S. at 105 (emphasizing that the standards created by *Strickland* and § 2254(d) are "highly deferential," and "'doubly' so" when applied in tandem) (citations and quotations omitted). Alexander fails to show that the state court's decision was unreasonable under this deferential standard.

### i. Failure to suppress evidence

Alexander first asserts that counsel rendered ineffective assistance when he failed to suppress statements made by Alexander after his arrest and during his custodial interrogation. The record does not support this allegation.

In rejecting this claim on state habeas review, the trial court found that "counsel objected that the applicant's confession was custodial, took the sponsoring witness on voir dire and preserved the record for appeal." ECF No. 22-5 at 80 (citing 3 RR at 22-35). The trial court further concluded that Alexander "fail[ed] to meet his burden considering counsel did object, the objection was proper and counsel preserved error for appeal." *Id.* at 82-83 (citing *Vaughn v. State*, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996) (applicant must show counsel should have objected and objection would have been sustained, as such if counsel appropriately objects applicant cannot meet burden

just because objection was not sustained)). The Court of Criminal Appeals expressly based its denial of relief on the trial court's findings, which are entitled to a presumption of correctness. 28 U.S.C. § 2254(e)(1). Alexander fails to present, and the record fails to reveal, clear and convincing evidence to rebut the state court's findings. *Id.*; *see also Miller-El*, 537 U.S. at 330-31.

The record supports the state court's findings. Counsel objected to the admission of State's Exhibit No. 13, which was a DVD containing footage from the police officer's body camera during Alexander's initial detention and arrest. Counsel argued that once Alexander was placed in handcuffs and detained in the police car, he was under arrest and any incriminating statements made after his arrest were custodial and thus inadmissible. Counsel took the sponsoring witness on voir dire during a hearing to determine whether the exhibit was admissible in front of the jury and renewed his objections when the State offered the exhibit into evidence again. The court overruled counsel's objections. Counsel raised a subsequent challenge to the admission of the State's exhibit, and the court sustained the objection, ruling that the post-arrest footage of Alexander's interrogation was not admissible. *See generally* ECF No. 13-4 at 23-32, 58-62. Absent a showing that counsel failed to raise a meritorious objection and that the outcome would have been different, Alexander fails to demonstrate deficient performance or actual prejudice. Alexander further fails to demonstrate that the state court's ultimate conclusion was an unreasonable application of the deferential standard that applies to ineffective-assistance claims on federal habeas review.

### ii. Failure to investigate

Alexander asserts that counsel rendered ineffective assistance when he failed to investigate whether Alexander was insane at the time he allegedly committed the offense. Again, the record does not support this allegation.

It is clear that "[c]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular

investigations unnecessary." *Strickland*, 466 U.S. at 691. In assessing unreasonableness, a heavy measure of deference must be applied to counsel's judgments. *Id.* Whether counsel's investigation was reasonable depends, in part, on the information supplied by the defendant. *Ransom v. Johnson*, 126 F.3d 716, 723 (5th Cir. 1997) (citing *McCoy v. Lynaugh*, 874 F.2d 954, 964 (5th Cir. 1989)). A habeas corpus petitioner who alleges a failure to investigate on the part of his counsel must state with specificity what the investigation would have revealed and how it would have changed the outcome of his trial. *See Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005) (citing *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)). Counsel "is not required to pursue every path until it bears fruit or until all conceivable hope withers." *Washington v. Strickland*, 673 F.2d 879, 892 (5th Cir. Unit B 1982) (quoting *Lovett v. Florida*, 627 F.2d 706, 708 (5th Cir. 1980)).

In rejecting this claim on state habeas review, the trial court found, in relevant part:

8) To the extent the applicant claims counsel failed to investigate a potential insanity defense, the Court finds that the record shows that the applicant was aware that his conduct was wrong at the time of the offense. *See Alexander*, No. 01-18-01041-CR, 2019 WL 5432054, at *1-4 (during applicant's confession he acknowledges that he "lost his cool" and he articulates a consistent rendition of the facts which support his guilt).

9) To the extent the applicant claims counsel failed to investigate a potential insanity defense, [t]he Court finds that the applicant does not claim or prove what further investigation into his mental health would have revealed, or how it would have assisted in his defense. *Applicant's Writ at 6-7*.

10) To the extent the applicant claims counsel failed to investigate a potential insanity defense, [t]he Court finds that the applicant does not plead any facts which indicate that counsel should have known to investigate the applicant's sanity.

> 11) To the extent the applicant claims counsel failed to investigate a potential insanity defense, there is no indication in the record or in any of the evidence collected in this case that shows the applicant was suffering under a severe mental defect or disease that [a]ffected his judg[]ment.

ECF No. 22-5 at 80. The trial court further concluded that Alexander failed to meet his burden that counsel was ineffective because he did "not prove whether further investigation would have revealed that he was insane at the time of the offense, considering the evidence on the scene shows that [Alexander] was aware that his actions were wrong." *Id.* at 83 (citing *Mooney v. State*, 817 W.W.2d 693, 697 (Tex. Crim. App. 1991) (applicant must prove what further investigation would reveal); Tex. Penal Code Ann. § 8.01 (insanity is an affirmative defense in which, at the time of the offense, due to a severe mental defect or disease, the accused did not know his conduct was wrong)). The Court of Criminal Appeals expressly based its denial of relief on the trial court's findings, which are entitled to a presumption of correctness. 28 U.S.C. § 2254(e)(1). Alexander fails to present, and the record fails to reveal, clear and convincing evidence to rebut the state court's findings. *Id.*; *see also Miller-El*, 537 U.S. at 330-31.

In his response, Alexander argues that had counsel conducted further pretrial investigation, he would have discovered that Alexander was under the care of a psychiatrist and that he was "laboring under the umbrella of insanity" because he was "contemplating homicide-suicide." ECF No. 31 at 7. According to Alexander, "to consider homicide-suicide because the other person will not reciprocate the actor's love, that is irrational and insane." *Id.* Alexander's conclusory allegations are insufficient to rebut the state court's findings to the contrary. *See Day v. Quarterman*, 566 F.3d 527, 540–41 (5th Cir. 2009); *see also Lincecum v. Collins*, 958 F.2d 1271, 1279 (5th Cir. 1992) (denying habeas relief where petitioner "offered nothing more than the conclusory allegations in his pleadings" to support claim that counsel was ineffective for failing to investigate and present evidence). Alexander does not otherwise show

he was denied effective assistance of counsel as the result of his attorney's alleged failure to investigate.

### iii. Failure to call witness

Alexander also asserts that counsel failed to investigate and call a potential witness whose testimony could have exonerated him. In his federal petition, Alexander does not identify the witness he claims his counsel should have called. However, in his state habeas application as well as his response to the respondent's motion for summary judgment, Alexander alleges that counsel should have called an unnamed clerk who was working at the motel when the complainant called the police. Alexander contends that the clerk could have testified that the complainant was not bleeding when she checked into the motel, rendering the complainant's version of events less plausible. The record is void of evidence to support Alexander's claim.

"Claims of uncalled witnesses are disfavored, especially if the claim is unsupported by evidence indicating the witnesses's willingness to testify and the substance of the proposed testimony." *Gregory v. Thaler*, 601 F.3d 347, 352 (5th Cir. 2010) (citing *Harrison v. Quarterman*, 496 F.3d 419, 428 (5th Cir. 2007)); *see also Sayre v. Anderson*, 238 F.3d 631, 635–36 (5th Cir. 2001) (emphasizing that complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations as to what a witness would have testified are mostly speculative) (citations omitted). To demonstrate the required *Strickland* prejudice on a claim of ineffective assistance in this context, a petitioner "must show not only that [the] testimony would have been favorable, but also that the witness would have testified at trial." *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002) (quoting *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985)).

In rejecting this claim on state habeas review, the trial court found, in relevant part:

12) To the extent the applicant claims counsel should have called a potential witness, the applicant fails to allege, who this witness is, or that they were available to testify at trial.

13) The Court finds that, to the extent the applicant claims that a witness was available to present mitigating evidence, the applicant's claims are inconsistent with the record of this case.

14) The Court finds that, although the applicant claims the video shows the officer asking the clerk if he saw a cut on the [complainant], the officer never asks the clerk this question nor does the clerk volunteer this information. *See* (5 R.R. at 5 (St. Trial Ex. 3 Body Camera) (Officer only asks how long ago complainant arrived).

15) The Court finds that even if the applicant's allegations were true the alleged testimony would not have changed the outcome of the case considering:

  a) injury is not an element of aggravated assault by threat, Tex. Penal Code Ann. § 22.01(a)(2);

  b) the clerk[']s visibility was obscured[.] *See* (5 R.R. at 5 (St. Trial Ex. 3 Body Camera (5m – 5m 45s))) (showing motel clerk behind tinted plexiglass window which was plastered with signs);

  c) the cut was small and on the underside of the complainant's neck, *see* (5 R.R. at 12-14 (St. Trial Ex. 10-12 (Photos of Complainant's injury));

  d) even the officer testified that he spoke with the complainant for some time without noticing the injury. (3 R.R. at 35-40).

ECF No. 22-5 at 80-81. The trial court further concluded that Alexander failed to meet his burden that counsel was ineffective because he did "not prove, who the witness was, that he was available to testify, what he witnessed, or how that testimony would benefit the defense." *Id.* at 83 (citing *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim App. 1983) (applicant must prove the witness was available and that their testimony would have benefited the defense)). The Court of

Criminal Appeals expressly based its denial of relief on the trial court's findings, which are entitled to a presumption of correctness. 28 U.S.C. § 2254(e)(1). Alexander fails to present, and the record fails to reveal, clear and convincing evidence to rebut the state court's findings. *Id.*; *see also Miller-El*, 537 U.S. at 330-31.

Alexander did not provide the state court with an affidavit or other sworn account from the alleged witness, identifying who he is and the substance of his potential testimony. Nor did he provide any evidence that the witness was available for trial and willing to testify favorably for the defense. Absent affidavits (or similar matter) from the uncalled witness, Alexander's claim is speculative and conclusory and does not demonstrate either deficient performance or resulting prejudice on his trial counsel's part. *See Sayre*, 238 F.3d at 636. Additionally, as the state habeas court found, the alleged testimony of Alexander's uncalled witness would not have changed the outcome of his case because, at a minimum, injury is not an element of the offense for which Alexander was convicted. *See* ECF No. 13-1 at 87-89 (jury charge). Because Alexander's claim does not rise above the speculative level, he does not demonstrate his attorney was deficient for failing to call witnesses or that he was prejudiced as a result.

### b. Denial of counsel

In his final ground for relief, Alexander alleges that he was denied the right to counsel during a critical stage of the criminal proceedings because he was arraigned without having counsel present. In his state habeas application, Alexander argues more specifically that he was denied his right to have counsel present at his article 15.17 hearing on January 4, 2017. The record does not support Alexander's assertions.

A hearing held under article 15.17 of the Texas Code of Criminal Procedure is an initial appearance in a criminal proceeding at which the constitutional right to counsel attaches. *Rothgery v. Gillespie Cty, Tex.*, 554 U.S. 191, 199 (2008). Counsel must be appointed within a reasonable time after attachment to allow for adequate representation at any critical stage before trial as well as at trial itself. *Id.* at 212.

In rejecting this claim on state habeas review, the trial court made the following relevant findings:

> 26) The Court finds that the applicant had an art. 15.17 hearing on January 4, 2017. *St. Writ Ex. A.*

> 27) The Court finds that at that hearing, the applicant was given his statutory warnings, and bail was set. *Id.*

> 28) The Court finds that at that time, Harris County Pretrial Services was immediately ordered to assist the applicant with his request for appointed counsel. *Id.*

> 29) The Court finds that the following day, January 5, 2017, Counsel was appointed to represent the applicant. *St. Writ Ex. B.*

> 30) Thus, the court finds that counsel was appointed immediately after the applicant's art. 15.17 hearing.

> 31) The Court finds that the applicant does not claim that anything occurred before counsel was appointed, which denied him counsel at a critical stage.

ECF No. 22-5 at 82. The trial court concluded that Alexander's claim had "no merit considering the hearing magistrate took immediate action to appoint counsel, and [Alexander] was not subjected to a critical stage without counsel present." *Id.* at 83 (citing *Rothgery v. Gillespie Cty, Tex.*, 554 U.S. 191, 211-12 (2008) (art. 15.17 triggers attachment of right to counsel within a reasonable time); *Green v. State*, 872 S.W.2d 717 (Tex. Crim. App. 1994) (pretrial hearing on probable cause, setting of bond and giving of statutory warnings is not a critical stage)). The trial court further concluded that Alexander's case is distinguishable from *Rothgery* because counsel was immediately appointed to represent Alexander. *Id.* at 84 (citing *Rothgery*, 554 U.S. at 196 (court waited six months to appoint counsel)). The Court of Criminal Appeals expressly based its denial of relief on the trial court's findings, which are entitled to a presumption of correctness. 28 U.S.C. § 2254(e)(1). Alexander fails to present, and

the record fails to reveal, clear and convincing evidence to rebut the state court's findings. *Id.*; *see also Miller-El*, 537 U.S. at 330-31.

Here, the record shows that counsel was appointed to represent Alexander within a reasonable time. The hearing was held on January 4, 2017, and counsel was appointed the following day on January 5, 2017. ECF No. 13-1 at 8, 15. Because Alexander was provided counsel immediately following his article 15.17 hearing, he fails to demonstrate that the state court's denial of this claim was contrary to, or involved an unreasonable application of, clearly established federal law. Nor does he show that the state-court decision was based on an unreasonable determination of the facts. Alexander's claim that he was denied counsel is without merit.

*7. Conclusion*

The court recommends that the respondent's amended motion for summary judgment be granted and that Alexander's petition for writ of habeas corpus be dismissed with prejudice. Because the respondent timely filed his amended motion for summary judgment, the court further recommends that Alexander's motion for default judgment be denied.

The parties have fourteen days from service of this report and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on August 24, 2022.

Peter Bray

United States Magistrate Judge